# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 4:15-BK-42254-BTR |
| | § | |
| RODNEY V BRYAN | § | |
| | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATION FOR COMPENSATION
## AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Christopher J. Moser, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

660 N. Central Exprwy, Suite 300B, Plano, TX  75074

The Trustee's Final Report also may be viewed at the Court's website at www.txeb.uscourts.gov. To view the document, click on CM/ECF (E-Filing) from the main menu and then select Online Services.  Under the Trustee Reports and Data heading, click the hyperlink to view the list of cases. Scroll down through the list of cases and click on the case number of the Final Report you wish to view. The documents are listed by date of filing, beginning with the most recently filed report. There is no charge to view, print or download this document from the website. The Trustee's Final Report is also available through PACER, appropriate charges for this service will be assessed.

Any person wishing to object to the Trustee's Final Report or the Application for Compensation contained therein must file a written objection with the Clerk of United States Bankruptcy Court and serve a copy of such objection upon the trustee and the United States Trustee within thirty (30) days of the date of this notice.  If no objection to the Final Report is timely filed and served, the Trustee may pay dividends contemplated by the Final Report pursuant to FRBP 3009 without further order of the Court. In such event, the notice required under FRBP 5009 shall be deemed satisfied and the presumption contemplated by that rule shall be invoked upon the filing of the Trustee's certification that the estate has been fully administered in the Trustee Distribution Report.

Date:       03/21/2019                                            By:   /s/ Christopher J. Moser
                                                                                    Trustee

Christopher J. Moser
2001 Bryan Street, Suite 1800
Dallas, TX 75201

**UST Form 101-7-NFR (10/1/2010)**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 4:15-BK-42254-BTR |
| | § | |
| RODNEY V BRYAN | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

*The Final Report shows receipts of* $2,000.00
*and approved disbursements of* $247.37
*leaving a balance on hand of[1]:* $1,752.63

Claims of secured creditors will be paid as follows: NONE

Total to be paid to secured creditors: $0.00
Remaining balance: $1,752.63

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| Christopher J. Moser, Trustee Fees | $500.00 | $0.00 | $500.00 |
| Christopher J. Moser, Trustee Expenses | $324.50 | $0.00 | $324.50 |

Total to be paid for chapter 7 administrative expenses: $824.50
Remaining balance: $928.13

Applications for prior chapter fees and administrative expenses have been filed as follows: NONE

Total to be paid to prior chapter administrative expenses: $0.00

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

|  | Remaining balance: | $928.13 |
|---|---|---|

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are: NONE

|  | Total to be paid to priority claims: | $0.00 |
|---|---|---|
|  | Remaining balance: | $928.13 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows: NONE

|  | Total to be paid to timely general unsecured claims: | $0.00 |
|---|---|---|
|  | Remaining balance: | $928.13 |

Tardily filed claims of general (unsecured) creditors totaling $940.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 98.7 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 2 | Goering & Goering, LLC | $940.00 | $0.00 | $928.13 |

|  | Total to be paid to tardily filed general unsecured claims: | $928.13 |
|---|---|---|
|  | Remaining balance: | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

**UST Form 101-7-NFR (10/1/2010)**

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

| | |
|---|---|
| Total to be paid for subordinated claims: | $0.00 |
| Remaining balance: | $0.00 |

Prepared By: /s/ Christopher J. Moser
                   Trustee

Christopher J. Moser
2001 Bryan Street, Suite 1800
Dallas, TX 75201

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**